IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-511 |
| | ) | |
| ISAIAH WISE | ) | |

**ORDER OF COURT**

AND NOW, this 15th day of September, 2023, upon consideration of certain pretrial motions filed by Defendant Isaiah Wise, (Docket Nos. 60, 61), and the Government's Response thereto, (Docket No. 67 at 1-2), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Preserve Law Enforcement's Rough Notes, (Docket No. 60), is denied as moot, given the Government's representation that it has advised its agents to preserve such material. (*See* Docket No. 67 at 2). Moreover, if a trial is necessary to resolve this case, the Government has indicated that it will disclose such material to the extent it constitutes *Brady/Giglio* and/or Jencks material.[1] (*Id.*).

2. Defendant's Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, (Docket No. 61), is denied as

---

[1] If this case proceeds to trial, the Court will set deadlines for the disclosure of *Brady/Giglio* impeachment materials in the pretrial order. Further, as the parties are aware, the Court lacks the authority to order the production of Jencks Act material until after a Government witness testifies on direct examination. *See* 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012) ("[T]he government has no obligation to produce Jencks material until the witness has testified."). However, given that prosecutors in this District typically are willing to disclose Jencks material sufficiently in advance of trial so as to avoid delay, the Court's pretrial order will encourage the Government to provide Jencks material prior to the pretrial conference. *See Maury*, 695 F.3d at 248 n.18 ("Despite this limitation, many federal prosecutors routinely turn over Jencks material a few days before the witness testifies.").

premature and without prejudice, as the Court will set deadlines for the disclosure of this material in the pretrial order.[2]  In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b)/609 evidence likewise is denied as premature and without prejudice.[3]

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

[2]      The Court observes that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial has been deemed sufficient.  *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted).  As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old.  *See* Fed. R. Evid. 609(b)(2).

[3]      The Court notes that "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023).